IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WALTER BOWDEN                                                                             PETITIONER
ADC # 068024

V.                              CASE NO.: 5:13CV00061 DPM/BD

RAY HOBBS, Director,                                                                     RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge D. P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

**II.     Background**

A jury convicted Petitioner, Walter Bowden, of first-degree murder. He was sentenced to life in prison in the Arkansas Department of Correction. (#5 at p. 1) In an opinion issued on October 13, 1975, Mr. Bowden's conviction was reversed by the Arkansas Supreme Court on direct appeal. *Freeman, et al. v. State*, 258 Ark. 617, 527 S.W.2d 909 (1975).

After a second trial, Mr. Bowden was again convicted of first-degree murder and was again sentenced to life in prison. (#5 at p. 1) On November 1, 1976, the Arkansas Supreme Court affirmed that conviction. *Bowden v. State*, 260 Ark. N-308 (1976). According to Mr. Bowden, he filed a post-conviction petition in State court pursuant to Ark. R. Crim. P. 1 (now Arkansas Rule of Criminal Procedure 37) which was denied. (#1 at p. 2)

On February 26, 2013, Mr. Bowden filed the current federal petition for writ of habeas corpus. (#1) In this petition, he claims that his defense counsel was ineffective when he advised Mr. Bowden to reject the State's plea offer of twenty-one (21) years' imprisonment that was extended prior to the first trial. Mr. Bowden asserts that he would

have accepted the plea offer absent his trial counsel's advice to reject the offer. Instead, he went to trial and was sentenced to life imprisonment. (#1 at p. 2)

Respondent Ray Hobbs has moved to dismiss the petition, contending that Mr. Bowden's petition is barred by the statute of limitations set out in 28 U.S.C. § 2244(d)(1). (#5) Mr. Bowden has not responded to the motion to dismiss, and the time for doing so has passed. For the reasons explained below, the Court recommends that the Motion to Dismiss (#5) be granted, and that Mr. Bowden's Petition for Writ of Habeas Corpus (#1) be dismissed with prejudice.

### III. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. In Mr. Bowden's case, however, his conviction became final before the effective date of AEDPA. Thus, the one-year period limitations period did not begin to run until the effective date of the AEDPA. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Even so, Mr. Bowden's one year period expired on April 24, 1997.

Mr. Bowden did not file the current federal habeas petition until February 26, 2013, over fifteen (15) years after the statute of limitations had expired. Accordingly, his claims are barred unless the statute of limitations can be tolled.

A.   *Statutory Tolling*

Under title 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This provision does not apply to Mr. Bowden's case.

Mr. Bowden alleges that he filed a State post-conviction petition under Arkansas Rule of Criminal Procedure 1, that was denied.  Mr. Bowden does not provide the date that he filed the petition, however, because it was filed under Rule 1, which became Arkansas Rule of Criminal Procedure around 1978; it must have been filed before the effective date of the AEDPA, and so the petition did not toll the limitations period.

B.   *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, __U.S.__ , 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling, however, only if he shows that he has pursued his rights diligently but extraordinary circumstances stood in his way and prevented a timely filing.  *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Bowden did not file his federal habeas petition until over fifteen years after the statute of limitations had run.  Mr. Bowden argues that he is entitled to equitable tolling pursuant to 28 U.S.C § 2244(b)(2)(A), which provides that a claim presented in a second or successive habeas corpus application under § 2254, that was not presented in a

prior application, shall be dismissed unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Bowden argues that under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010); *Missouri v. Frye*, 132 S. Ct. 1399 (2012); and *Lafler v. Copper*, 132 S. Ct. 1376 (2012), which address the right to effective assistance of counsel during plea negotiations, the Supreme Court recognized a new rule of constitutional law.  (#1 at p. 4)  In neither *Padilla*, *Frye,* nor *Lafler,* did the Supreme Court, however, recognize any *new* rule of constitutional law.  In all three cases, the Supreme Court explained how the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), in regards to the Sixth Amendment right to effective assistance of counsel, extended to plea negotiations.  And in the recent case of *Williams v. U.S.*, 705 F.3d 293 (8th Cir. 2013), the Eighth Circuit rejected the argument Mr. Bowden pursues here – that *Lafler* and *Frye* announced a new rule of constitutional law.  *Williams*, 705 F.3d at 294.

Mr. Bowden further argues that it was impossible for him to diligently pursue a right that did not exist and the fact that it did not exist is an extraordinary circumstance that prevented it's pursuit.  (#1 at p. 7)  This argument is unpersuasive.  The right to effective assistance of counsel has been in existence since the Sixth Amendment to the U.S. Constitution and was made applicable to the States through the Fourteenth Amendment.  In 1984, *Stickland* established a test for evaluating ineffective assistance of

counsel claims, and in 1985, *Hill v. Lockhart*, held that the *Strickland* test for evaluating claims of ineffective assistance of counsel applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985). In *Padilla*, *Frye*, and *Lafler*, the Supreme Court reiterated that the Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal proceeding. Contrary to Mr. Bowden's claim, the right to effective assistance of counsel has been established for some time.

In his amended petition, Mr. Bowden acknowledges the Eighth Circuit's decision in *Williams*, but urges the Court to consider the "reasonable possibility that the Circuits will split on this issue in light of the opinion of Judge Scalia in his dissent" in *Lafler*. (#2 at p. 1) While Mr. Bowden may be correct in predicting a Circuit split, this Court is bound by the law of the Eighth Circuit Court of Appeals and United States Supreme Court as it stands today. The Court cannot hinge its decision on a yet to be decided Supreme Court case.

Therefore, Mr. Bowden has not established that an extraordinary circumstance prevented the timely filing of a habeas petition, and Mr. Bowden is not entitled to equitable tolling.

## IV. <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Court.  A certificate of appealability may issue only if Mr. Bowden has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, Mr. Bowden has not provided any basis for issuance of a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

V.      **Conclusion**

Mr. Bowden's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Mr. Hobbs's Motion to Dismiss (#5) be GRANTED, and Walter Bowden's Petition for Writ of Habeas Corpus (#1) be DISMISSED, with prejudice.

DATED this 1st day of May, 2013.

*[signature]*

_____
UNITED STATES MAGISTRATE JUDGE